THOMPSON, Judge.
John H. Ellison, Jr., and Pamela Ellison filed a complaint against coterminous landowner Max Norman; and Sarah Helen Norman and Leonard McColough. They alleged trespass and destruction of property against all three defendants and sought injunctive relief. The defendants answered. Max Norman and Sarah Norman counterclaimed against the plaintiffs, alleging trespass and destruction of property and seeking injunctive relief. The trial court conducted a hearing on all of the parties’ claims and received ore tenus evidence.
The trial court entered an order finding in favor of Max Norman on the plaintiffs’ claims and in favor of Max Norman on his counterclaim against the plaintiffs. The court also “enjoined [the plaintiffs] from trespassing on the property of Max Norman as set out in the survey of Larry Speaks and Associates dated April 28, 1997.”
*497 The trial court’s order did not address the claims as to all the parties to this action. There is no indication in the record that the claims against Sarah Norman and McColough, and the claims by Sarah Norman, were disposed of by the trial court.
“‘It is a well-established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.’ Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; See McGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala.1992). A ‘final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990).”
Owens v. Owens, 739 So.2d 511, 513 (Ala. Civ.App.1999).
The trial court’s order resolves the claims as to fewer than all the parties to this action; therefore, that order is not final. Lunceford v. Monumental Life Ins. Co., 641 So.2d 244 (Ala.1994). An appeal to this court may be taken only from a final judgment. § 12-22-2, Ala.Code 1975. This court must dismiss an appeal from a nonfinal judgment. Owens v. Owens, supra.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.